UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-2232-GW-MRWx | Date | September 13, 2024 |
|---|---|---|---|
| Title | *Jeffrey Davidoff v. Catherine Dail* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | None Present | | |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None Present | | None Present | |

**PROCEEDINGS:**   **IN CHAMBERS - ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION**

This matter is a simple breach of contract action between two individuals. *See generally* Complaint for Breach of Written Contract, Docket No. 1. Plaintiff Jeffrey Davidoff ("Plaintiff") has asserted that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). *See id.* ¶ 21. It is clear that more than $75,000 is at stake in the litigation. *See id.* ¶¶ 6-12, 19, 25-26. However, Section 1332(a) sets more than just an obligatory minimum monetary figure. It also requires diversity of citizenship. *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between– (1) citizens of different States; . . . .").

This Court is obligated to consider its subject matter jurisdiction in every case before it. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Federal courts possess limited jurisdiction, having such jurisdiction only over matters authorized by the Constitution and Congressional statute. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Federal courts operate under the presumption that they do not have jurisdiction, and the party claiming federal jurisdiction bears the responsibility of proving otherwise. *See id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799); *McNutt v. Gen Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)).

Presently, Plaintiff has only alleged that he is a *resident* of California and that defendant Catherine Dail is *also* a *resident* of California. *See* Complaint ¶¶ 14-15. To be clear, *residency* is not the pertinent standard; it is *citizenship*, and citizenship means more than just where an individual lives. *See, e.g., Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). However, even Plaintiff's current residency-based allegations do not support a conclusion that diversity of citizenship is present here. Both parties reside in California.

|  | : |
|---|---|
| Initials of Preparer | JG |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-2232-GW-MRWx | Date | September 13, 2024 |
|---|---|---|---|
| Title | *Jeffrey Davidoff v. Catherine Dail* | | |

    Given this jurisdictional issue, the Court does not have a proper basis now to even consider the presently-pending Motion for an Order Allowing Service of the Summons and Complaint on Defendant by Electronic Mail Plaintiff has set for hearing on September 26, 2024. *See* Docket No. 13. The Court will give Plaintiff until Friday, September 20, 2024, to explain how this Court actually has subject matter jurisdiction over this matter (and its power to decide the pending motion). Failure to respond by that date will result in the Court dismissing this action for lack of subject matter jurisdiction.

                                                                                                                                                 :

Initials of Preparer    JG