UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-2232-GW-MRWx | Date | September 23, 2024 |
|---|---|---|---|
| Title | *Jeffrey Davidoff v. Catherine Dail* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |
|---|---|

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:** IN CHAMBERS - ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR LACK OF SUBJECT MATTER JURISDICTION; VACATING HEARING

On September 13, 2024, the Court issued an Order to Show Cause regarding a question it had for plaintiff Jeffrey Davidoff ("Plaintiff") about subject matter jurisdiction over this action. *See* Docket No. 14. It expressed doubt that the two parties were of diverse citizenship. *See id.*

Responding to that Order to Show Cause as permitted, Plaintiff's counsel now expresses that, "[f]urther and more recent investigation" (of some unspecified nature and extent) than an earlier "skip trace" he performed on defendant Catherine Dail ("Defendant") "indicates that Defendant has "relocated to Missouri, where she is originally from and is now residing there full time." Declaration of David Lake in Response to OSC re Subject Matter Jurisdiction, Docket No. 15, ¶¶ 4-5. He provides no specifics as to any particular city or address, and no details as to how he has concluded that she is now – only six months after residing in California, *see id.*, ¶ 2 – residing in Missouri "full time."

On July 31, 2024, Plaintiff's counsel also referenced his "skip trace," which he offered "did not reveal any new or additional information relating to Defendant" (presumably beyond Plaintiff's counsel's explanation of her earlier connections to California and New Hampshire). *See* Declaration of David Lake in Response to OSC ("Lake 7/31 Decl."), Docket No. 11, ¶¶ 3, 5-6; *see also* Declaration of David Lake, Docket No. 13, ¶ 7. That July 31 declaration also referenced "[f]urther and more recent investigations" that had tracked Defendant to Missouri. *See* Lake 7/31 Decl., ¶ 7. He indicated that Plaintiff would "continue to investigate Defendant's whereabouts and will attempt personal service if an address is located." *Id.* Yet, there is no indication in Plaintiff's counsel's most-recent declaration about any attempt at personal service (presuming that he *has*, in fact, now traced Defendant to a Missouri address) and no indication that he would be withdrawing Plaintiff's pending motion to be permitted to serve Defendant via e-mail (because of a planned attempt to personally serve her).

| | : |
|---|---|
| Initials of Preparer | JG |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-2232-GW-MRWx | Date | September 23, 2024 |
|---|---|---|---|
| Title | *Jeffrey Davidoff v. Catherine Dail* | | |

    It is relatively clear to the Court that Plaintiff does not actually have a clear handle on where Defendant currently resides, or he would have provided that detail already (and, presumably, attempted to personally serve her). Beyond that, as the Court previously noted, *residence* does not equate to *citizenship*, *see Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001), and Plaintiff has not explained what his counsel means by "full time" or detailed how he came to that conclusion. In such a circumstance, this case does not belong in federal court in its current state, because "[a]bsent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Id.* If the matter is filed in an appropriate state court and, at some proper time, it can be established that the parties are actually of diverse *citizenship*, Defendant might potentially be able to then remove the case to federal court (or Plaintiff could then dismiss the potential, future, state court action and re-file the matter in federal court). As it currently stands, however, it is now relatively clear to this Court that a proper basis for federal subject matter jurisdiction, based on diversity citizenship, cannot be established.

    The matter is dismissed, without prejudice, for lack of subject matter jurisdiction. The motion set for hearing on September 26, 2024 is vacated.

|  | : |
|---|---|
| Initials of Preparer | JG |